OPINION
{¶ 1} This is an appeal from the judgment of the Auglaize County Common Pleas Court which granted summary judgment to Plaintiff-appellees, the owners of patterns, molds or dies that were stored in St. Mary's Foundry and their respective insurance companies.[1]
 {¶ 2} St. Marys manufactures metal castings and in doing so uses various molds, dies and patterns (collectively "patterns"). These patterns were owned by various customers but were stored together at a St. Mary's warehouse. A fire at the warehouse destroyed these patterns.
 {¶ 3} At the time of the fire, St. Marys was insured under three policies; a business policy, a commercial general liability policy (CGL) issued by Wausau Business Insurance Company ("Wausau") and an excess policy issued by Employer's Insurance of Wausau ("Employers"). After the fire, St. Marys filed a claim under each policy for the patterns that were destroyed. Wausau provided coverage for the patterns under the CGL policy exhausting the policy limits, but Employers denied coverage for the patterns under the excess policy. Thereafter, St. Mary's filed a complaint against Employers for denying coverage.
 {¶ 4} Each party filed a motion for summary judgment. The trial court, finding that the policy was ambiguous, construed the excess policy in St. Marys' favor and granted its motion.[2] Employers now appeals, asserting two assignments of error and the successors to St. Marys' claims (Appellees) assert a conditional cross-appeal all of which will be discussed together.
 First Assignment of Error The trial court erred in denying Employers' Motion for SummaryJudgment.
 Second Assignment of Error The trial court erred in granting Appellee's Motion forSummary Judgment.
 Conditional Cross-Appeal If the court concludes that the trial court erroneouslygranted judgment in favor of Appellees based on ambiguities inthe employers excess policy, it should nevertheless affirm thejudgment based on the parties' reasonable expectation that theexhaustion of underlying policies triggered excess coverage,and/or the policy's independent underlying and excess coveragefor contract claims asserted against the named insured.
 {¶ 5} An appellate court reviews a grant of summary judgment de novo. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment is proper if the evidence filed in a case shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ. R.56(C). Furthermore, summary judgment should be granted, "if it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
Civ. R.56(C).
 {¶ 6} Appellees argue and the trial court found that the excess policy is ambiguous and therefore coverage should be afforded to them. When interpreting a contract, the court is to give effect to the intent of the parties to the agreement.Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos. (1999),86 Ohio St.3d 270, 273. We examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy. Kelly v. Med. Life Ins. Co.
(1987), 31 Ohio St.3d 130, paragraph one of the syllabus.
 {¶ 7} It is well settled that "insurance policies should be enforced in accordance with their terms as are other written contracts. Where the provisions of the policy are clear and unambiguous, courts cannot enlarge the contract by implication so as to embrace an object distinct from that originally contemplated by the parties." Goodyear Tire Rubber Co. v.Aetna Cas. Sur. Co., 95 Ohio St.3d 512, 515-516,2002-Ohio-2842 ¶ 8. "Common words in a contract will be given their ordinary meaning unless manifest absurdity results or unless some other meaning is clear from the face or overall contents of the agreement." Cincinnati Ins. Co. v. Anders99 Ohio St.3d 156, 160, 2003-Ohio-3048 ¶ 34. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. Kelly, supra.
 {¶ 8} Provisions of a contract of insurance are ambiguous if they are "reasonably susceptible of more than one interpretation." Lane v. Grange Mut. Cos. (1989),45 Ohio St.3d 63, 65 "A contract of insurance prepared by the insurer, will, in the event of a controversy over an ambiguity in its meaning, be given, if it can reasonably be done, an interpretation favorable to the insured to afford protection for which a premium has been paid." Heil v. United Ohio Ins. Co. (1990), 66 Ohio App.3d 307, quoting Kitt v. Home Indemnity Co. (1950), 153 Ohio St. 505,511 However, it is axiomatic that this rule cannot be employed to create ambiguity where there is none. Hacker v. Dickman (1996),75 Ohio St.3d 118, 119-120.
 {¶ 9} As stated above, Employers issued St. Mary's an excess policy which added to coverage provided by the CGL policy issued by Wausau. Prior to this suit, Wausau paid St. Mary's under the CGL policy for the patterns stored at the St. Mary's warehouse exhausting the policy limits. Regarding excess coverage, Employers stated the following in Section I of its excess policy:
We will pay those sums that the insured becomes legallyobligated to pay as damages in excess of the "underlying limit" because of * * * "property damage" * * * to which this insurance applies.[3]
 {¶ 10} However, within the same section, the excess policy states that the above insurance does not apply to property damage to "Property in the care custody and control of the insured." We find this language is clear and unambiguous as it relates to a bailment situation as we have here.[4] See AmericanCasualty Co. v. Timmons (C.A. 6, 1965), 352 F.2d 563, 567, (finding that customarily, when one speaks of something being in the care, custody or control of another, reference is had to a legal relationship akin to that of a bailment); Innis v.McDonald (1956), 77 Ohio Law Abs. 417, Harris, Jolliff Michel, Inc. v. Motorists Mut. Ins. Co. (1970),21 Ohio App.2d 81, 84; Marshall v. Dingus (Aug. 5, 1982), Ashland App. No. CA-769 at *6.[5]
 {¶ 11} While Section I provides the above exclusion of coverage, it also provides that that exclusion does not apply to "liability assumed under a sidetrack agreement." The trial court in this case found that reference to a "sidetrack agreement" without defining the terms creates an ambiguity because the phrase is susceptible to more than one meaning. Specifically, the trial court found that "sidetrack agreement" could be used to refer to the bailment agreement created between St. Mary's and the owners of the patterns. However, the term "sidetrack agreement" has a very specific and well established meaning in the railroad industry. See Davis v. Consolidated Rail Corp. (1981), 2 Ohio App.3d 475, 476-477; Erie R. Co. v. Standard OilCo. (1958), 107 Ohio App. 275; Ehrhardt v. Baltimore OhioRailroad Co. (1985), 24 Ohio App.3d 83, 87-88. Consequently, we will not use the reference to a "sidetrack agreement" to create an ambiguity where there is none.[6]
 {¶ 12} Appellees also argue that the excess policy must provide extra coverage to all claims paid by the CGL policy. However, as "insurance policies should be enforced in accordance with their terms" and we have determined that the excess policy clearly and unambiguously excludes coverage of Appellees' patterns, we cannot agree with Appellees' argument.
 {¶ 13} Appellees argue that even if we find that the above provisions are not ambiguous, Appellees are entitled to summary judgment because they had a reasonable expectation that the exhaustion of underlying policies triggered excess coverage for the patterns. We disagree. As stated in St. Foundry Inc. v.Employer's Ins. of Wausau (C.A6, 2003) 332 F.3d 989, 996-997, where the Court rejected a similar argument made by Appellees under a different policy, "Plaintiff's interpretation [of the reasonable expectation doctrine] was not reasonable in light of the Policy's unambiguous exception. Courts generally seek to effectuate the insured's expectations — just not when those purported expectations clash with unequivocal contrary language." As stated above, the coverage and exclusion provisions are clear and unambiguous in this case. Consequently, we find no merit to this argument.
 {¶ 14} Finally, Appellees argue that another exclusion found elsewhere in the policy does not apply to Appellee. However, we need not address this exclusion as we have determined that Appellees are precluded from coverage pursuant to the "care, custody and control" exclusion.
 {¶ 15} Based on the foregoing, Employers first and second assignments of error are sustained, and Appellee's conditional cross-assignment of error is overruled. Therefore, we reverse the judgment of the trial court and remand to the trial court with instructions to enter summary judgment in favor of Employers.[7]
Judgment reversed and cause remanded.
Cupp and Bryant, JJ., concur.
[1] The original plaintiff was St. Mary's Foundry; however, pursuant to a settlement agreement, the trial court substituted the owners of the pattern, mold, and die owners and their respective insurance companies.
[2] The pattern owners and respective insurance companies were substituted as plaintiffs following the grant of summary judgment.
[3] Appellees argue that the phrases "underlying limit" and "to which this insurance applies" are ambiguous. However, the statement including these terms and phrases clearly explains that Employer's will pay under the excess policy for claims exceeding the amount provided under the CGL policy which are not prohibited.
[4] While Appellees argue that the word "property" in the exclusion is ambiguous because it could mean St. Mary's property or property owned by others, this distinction does not make the term "property" ambiguous but merely demonstrates the specific types of property included in the general category of "property" in the exclusion.
[5] Appellees cite River Services Company v. Hartford Acc. Indem. Co. (N.D. Ohio 1978), 449 F. Supp. 622, for the proposition that the "care, custody and control" exclusion is inherently ambiguous in any situation. However, while that court made a note that Ohio law supports this interpretation for real estate, it did not provide any Ohio law which would support a finding that this interpretation applies to personal property held in a bailment situation.
[6] We would also note that Appellees did not allege in their motion for summary judgment that the use of the terms "side track agreement" created any ambiguity.
[7] Appellees claim that Employer's cannot appeal the denial of it motion for summary judgment; however, the trial court's grant of summary judgment in Appellees' favor made the order final and appealable. See Blason v. Dodds (1980),62 Ohio St.2d 287, paragraph one of the syllabus.