OPINION
{¶ 1} Plaintiff-Appellant, Neil L. Jordan, appeals from a judgment of the Seneca County Court of Common Pleas, granting summary judgment to Defendant-Appellee, Nationwide Mutual Insurance Company ("Nationwide"). Jordan contends that the trial court erred by finding that his Nationwide insurance policy did not provide him with automobile insurance coverage. After reviewing the entire record, we find that the relevant terms of Jordan's Nationwide policy are unambiguous and that his policy did not provide automobile insurance coverage. Accordingly, Jordan's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 2} On January 21, 2001, Jordan was involved in an automobile collision that resulted in the deaths of Lisa M. Johnson and Daniel P. Shaver. At the time of the accident, Jordan had an automobile insurance policy through State Farm Mutual Insurance Company. He also had a "Century II Auto Policy" with Nationwide, which he believed provided him with an additional $300,000 in automobile liability insurance coverage. However, when Jordan notified Nationwide of the accident, he was informed that his Nationwide policy, while titled as an auto policy, provided only comprehensive farm liability coverage and explicitly excluded any automobile coverage.
 {¶ 3} Thereafter, the estates of both Lisa Johnson and Daniel Shaver filed wrongful death actions against Jordan. Because Nationwide had denied Jordan coverage for the accident, he filed a motion for a declaratory judgment that sought a determination from the trial court that his Nationwide policy provided him with $300,000 in automobile liability insurance coverage. The estates of both Lisa Johnson and Daniel Shaver were named as defendants to the declaratory judgment action along with Nationwide.
 {¶ 4} Subsequently, Nationwide filed a motion for summary judgment, claiming that the terms of the policy did not provide Jordan with automobile insurance coverage. In response, Jordan filed a cross-motion for summary judgment, arguing that the terms of the policy were ambiguous and should be interpreted strictly against Nationwide and in favor of coverage. Jordan also contended that extrinsic evidence should be introduced to show the intent of the parties. Finding that Jordan's Nationwide policy did not provide automobile insurance coverage, the trial court granted Nationwide's motion for summary judgment and denied Jordan's motion. Jordan appeals from this judgment, providing one assignment of error for our review.
 Assignment of Error As a matter of law, the trial court committed error prejudicial to theplaintiff-appellant when it determined that there was no auto liabilitycoverage under the "Century II Auto Policy" issued bydefendant-appellee, Nationwide Mutual Insurance Company, and grantedsummary judgment in favor of defendant-appellee, Nationwide MutualInsurance Company.
 {¶ 5} In his sole assignment of error, Jordan claims that the trial court wrongfully granted Nationwide summary judgment. He maintains that his Nationwide insurance policy was ambiguous and should have been interpreted strictly against Nationwide and in favor of coverage. He also contends that the trial court should have considered extrinsic evidence to determine the original intent of the parties.
 Standard of Review {¶ 6} An appellate court reviews a summary judgment order de novo.Hillyer v. State Farm Mut. Auto. Ins. Co. (1999), 131 Ohio App.3d 172,175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co., 148 Ohio App.3d 596,2002-Ohio-3932, at ¶ 25, citing State ex rel. Cassels v. Dayton CitySchool Dist. Bd. of Ed. (1994), 69 Ohio St.3d 217, 222. Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issues of material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C);Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679, 686-687. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
 {¶ 7} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. State ex rel. Burnes v. Athens City Clerkof Courts (1998), 83 Ohio St.3d 523, 524; see, also, Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 Interpreting Insurance Agreements {¶ 8} An insurance policy is a contract, and the relationship between the insured and the insurer is purely contractual in nature. La PlasCondo. Assn. v. Utica Ntl. Ins. Group, 3rd Dist. No. 5-04-15, 2004-Ohio-5347, at ¶ 19, citing Nationwide Mut. Ins. Co. v. Marsh
(1984), 15 Ohio St.3d 107, 109. As such, courts must construe the language of an insurance policy as a matter of law. Wilson v. Smith, 9th Dist. No. 22193, 2005-Ohio-337, at ¶ 9, citing Leber v. Smith,70 Ohio St.3d 548, 553, 1994-Ohio-361.
 {¶ 9} In interpreting an insurance policy, a court must first consider the language of the policy itself and give the terms in the policy their plain and ordinary meaning. Wilson at ¶ 9, citing Gomolka v. State Auto.Mut. Ins. Co. (1982), 70 Ohio St.2d 166, 167-168. A court may look no further than the four corners of the insurance policy to find the intent of the parties when the language of the contract is clear and unambiguous. Tuthill Energy Systems v. RJ. Burke Ins. Agency, 3rd Dist. No. 2-03-25, 2004-Ohio-1394, at ¶ 7, citing Kelly v. Med. Life Ins. Co.
(1987), 31 Ohio St.3d 130, paragraph one of the syllabus. However, where there are ambiguities in the language of the insurance policy, the reviewing court must interpret the insurance agreement strictly against the insurer and in favor of coverage for the insured. Progressive MaxIns. Co. v. Monroe, 3rd Dist. No. 3-03-28, 2004-Ohio-1852, at ¶ 12, citing Hacker v. Dickman, 75 Ohio St.3d 118, 119-120, 1996-Ohio-98. Additionally, a court may consider extrinsic evidence to ascertain the parties' intention when reviewing an ambiguous policy. Westfield Ins. Co.v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 12. "As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." Progressive at ¶ 12, quoting Westfield at ¶ 11.
 Jordan's Policy {¶ 10} Jordan's claim that his Nationwide insurance policy is ambiguous relies on the fact that the title of the insurance policy is "Century II Auto Policy" and the fact that almost three quarters of the policy references automobile insurance. However, the relevant language in the agreement that details what coverage the policy provides is not ambiguous. As the Ohio Supreme Court stated in Selander v. Erie Ins.Group, 85 Ohio St. 3d 541, 546, 1999-Ohio-287, "[t]he type of policy is determined by the coverage provided, not by the label affixed by the insurer." See, also, Moore v. Hartford Fire Ins. Co., 5th Dist. No. 02CAE-10-048, 2003-Ohio-2037, at ¶ 28 (holding that even a policy labeled as an automobile policy does not qualify as an automobile liability or motor vehicle liability policy if it does not provide coverage as defined by R.C. 3937.18(L)). Thus, this Court must look beyond the title of the policy and determine what coverage the policy provided.
 {¶ 11} The relevant coverage language of Jordan's Nationwide insurance policy provides that:
For the payment of premiums in amounts we require and subject to all ofthe terms and conditions of this policy, we agree to provide thecoverages selected by the policyholder. These selections are shown in theenclosed Declarations, which are a part of this policy and contract.
 {¶ 12} This language is clear and unambiguous. The only coverages provided by this insurance policy are shown on the declarations page attached to the policy. The declarations page provides further emphasis for this finding by stating the following:
Your policy provides the coverages and limits shown in the schedule ofcoverages.
 {¶ 13} The schedule of coverages appears below the above language on the declarations page. The only coverage shown under the schedule of coverages on the declaration page of Jordan's Nationwide policy is for comprehensive family liability farm insurance. Three subcategories of coverage and the recovery limits of each are listed under the general comprehensive family liability farm insurance coverage. These subcategories of coverage and their respective limits are as follows: liability other than auto with a $300,000 per occurrence limit; medical payments other than auto with a $750 per person limit; and physical damage to property with a $1,000 per occurrence limit. Furthermore, the only premium listed on the declarations page is a $20.20 six month premium for the comprehensive family liability farm insurance coverage.
 {¶ 14} The declarations page also references endorsement 2181. Endorsement 2181, which is attached to the policy, is entitled "Comprehensive Family Liability Coverage-Farm." This endorsement contains additional details concerning the subcategories of coverage provided for on the declarations page.
 {¶ 15} Regarding the liability other than auto and medical payments other than auto subcategories, endorsement 2181 provides that "[t]hese coverages do not apply to bodily injury or property damage: * * * [a]rising out of the ownership, maintenance, or use of: * * * a motor vehicle owned or operated by, or rented or loaned to an insured." Likewise, endorsement 2181 excludes from the physical damage to property coverage "damage: * * * [a]rising out of: * * * the ownership, maintenance, or use of a motor vehicle * * *."
 {¶ 16} Under the clear and unambiguous terms of Jordan's insurance policy, he only received the coverages listed on the declarations page and for which a premium was charged. The only coverage listed on the declarations page was comprehensive family liability farm insurance. Furthermore, Jordan was only charged a premium for comprehensive family liability farm insurance. Moreover, it is clear from the attached endorsement 2181 that the comprehensive family liability farm insurance Jordan was receiving from Nationwide excluded all coverage related to damage and liability caused by motor vehicles. Thus, we find that Jordan's Nationwide policy did not provide automobile liability insurance coverage.
 {¶ 17} We acknowledge that there is extraneous and irrelevant language in the Nationwide policy that references automobiles and automobile insurance. However, such language does not condemn the entire contract to ambiguity. The relevant terms of the contract regarding coverage are clear and unambiguous. A plain reading of the policy reveals that Jordan paid for and received comprehensive family liability farm insurance. Accordingly, the contract can be given a definite legal meaning and, as a matter of law, is unambiguous. Progressive at ¶ 12, quoting Westfield at ¶ 11. As such, we can not consider extrinsic evidence regarding the original intention of the parties upon entering into this contract.Westfield at ¶ 12.
 {¶ 18} After reviewing Jordan's entire Nationwide policy, we find that the policy did not provide Jordan with automobile insurance coverage. Therefore, his sole assignment of error is overruled.
 {¶ 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., concurs.
 SHAW, J., dissents.