[Cite as *Perkins v. Nocum*, 2011-Ohio-4167.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

MAUREEN PERKINS

    Appellee

    v.

MARGUERITE NOCUM, et al.

    Appellant

C.A. No. 10CA0098-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No. 07CIV1095

DECISION AND JOURNAL ENTRY

Dated: August 22, 2011

---

BELFANCE, Presiding Judge.

{¶1} Robert Klooz appeals from the trial court's denial of his motion to vacate a default judgment. For the reasons set forth below, we reverse.

I.

{¶2} In July 2007, Maureen Perkins filed an action against multiple defendants, including Mr. Klooz. This was her second action against these defendants, having voluntarily dismissed the original action in May 2007. In both complaints, she stated claims for fraud, that the defendants had breached a real estate sales agreement, engaged in deceptive sales acts, and breached express and implied warranties. In that earlier action, Mr. Klooz, after being served with the complaint, had written a letter to Ms. Perkins' counsel, stating that he had cleaned the septic tank on November 11, 2003, and that his job entailed working with just the tank and not the entire system. He also informed Ms. Perkins' counsel that he only dealt with the previous

owner of the home. He concluded the letter by saying, "Should you require additional information, please contact me."

{¶3} Mr. Klooz did not respond to the second complaint, and Ms. Perkins moved for a default judgment against Mr. Klooz on September 26, 2008. The trial court entered a judgment against Mr. Klooz on October 22, 2008, and it found that Ms. Perkins was entitled to $50,250 in compensatory damages, $50,250 in punitive damages, and $33,500 in attorney fees. Mr. Klooz was not present at this hearing, and, apparently, no record of the proceedings was made. According to Mr. Klooz, Ms. Perkins' counsel never contacted him about the default judgment until October 23, 2009.

{¶4} Mr. Klooz filed a Civ.R. 60(B) motion to vacate the default judgment on November 25, 2009, in which he argued that his motion was timely, that he had a meritorious defense, and that he was entitled to relief under Civ.R. 60(B)(5). After learning that the journal entry for his default judgment was not a final appealable order, he filed a supplemental memorandum in which he argued that his motion had come within a year of the actual final judgment and, therefore, he was also entitled to relief under Civ.R. 60(B)(1) and (3). The trial court denied his motion, determining that, while it was timely, Mr. Klooz failed to demonstrate excusable neglect. Mr. Klooz has appealed, alleging four assignments of error. As the resolution of Mr. Klooz's third assignment of error is dispositive, we address it first.

II.

**ASSIGNMENT OF ERROR III**

"THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DENIAL OF THE DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT BROUGHT PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 60(B)(5) REFERENCING A DEFAULT JUDGMENT ENTERED BY THE TRIAL COURT AS THE APPELLANT DESERVED SUCH RELIEF IN THE INTERESTS OF JUSTICE AND EQUITY."

**{¶5}** Mr. Klooz argues that the trial court should have granted his Civ.R. 60(B) motion because he was entitled to relief pursuant to Civ.R. 60(B)(5) and he satisfied the other elements required for relief. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:

> "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.

"Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." Id. at paragraph three of the syllabus.

**{¶6}** Civ.R. 60(B) provides that:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

Civ.R. 60(B)(5) reflects "the inherent power of a court to relieve a person from the unjust operation of a judgment." *State ex rel. Gyurcsik v. Angelotta* (1977), 50 Ohio St.2d 345, 346. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, paragraph two of the syllabus. A trial court's decision on a Civ.R. 60(B) motion is reviewed for an abuse of discretion. *Strack v. Pelton* (1994), 70 Ohio

St.3d 172, 174. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶7} The trial court determined that Mr. Klooz's Civ.R. 60(B) motion was timely, a determination that has not been disputed by Ms. Perkins. Thus, our focus is upon the remaining elements required under *GTE Automatic*.

{¶8} This Court has previously addressed a similar issue in *Ross v. Shively*, 9th Dist. No. 23719, 2007-Ohio-5118. In *Ross*, Martha Ross filed an action against the driver of the car that struck her, Progressive Insurance, State Farm Insurance, and United Healthcare. Id. at ¶3. Ms. Ross had been covered by her husband's employer-provided insurance provider, which was United Healthcare, and it had covered a portion of her medical expenses. Id. at ¶2. She sought a judgment "'against the Defendants, jointly and severally, in excess of Twenty-Five Thousand Dollars ($25,000), together with costs and expenses incurred therein.'" Id. at ¶4. United Healthcare did not respond to the complaint, and the trial court entered a default judgment against United Healthcare. Id. United Healthcare moved to vacate the judgment under Civ.R. 60(B)(5), but the trial court denied the motion. Id.

{¶9} On appeal, this Court noted that, while "a default judgment may be entered [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules[,] * * * default judgment is improper when the complaint fails to state a claim against the defendant." (Internal citations and quotations omitted.) Id. at ¶¶9-10; see, also, Civ.R. 55(A). For this reason, this Court recognized that "[t]he improper entry of default judgment constituted substantial grounds for relief from judgment pursuant to Civ.R. 60(B)(5) [when] the default judgment subjected [the defendant] to liability on claims that were not asserted." *Ross* at ¶14.

**{¶10}** Ms. Ross's complaint only contained a single reference to United Healthcare:

"'At all times relevant hereto, Plaintiff CHARLES L. ROSS, husband of Plaintiff, MARTHA A. ROSS, had medical and hospitalization coverage with the Defendant, UNITED HEALTHCARE SERVICES, through his employer, that made certain payments for the Plaintiff, MARTHA A. ROSS, as and for medical and hospitalization services, claiming that they have expended the sum of $17,539.96 for said services to date.'" Id. at ¶12.

"Although the prayer for damages stated that Mr. & Mrs. Ross demanded judgment against 'all defendants,' the complaint did not allege any liability on the behalf of United Healthcare * * *. By failing to answer the complaint, therefore, United Healthcare conceded only that it provided health insurance coverage to Mrs. Ross through her husband's employer and that it claimed to have expended $17,539.96 for her care and treatment." Id. at ¶13. Accordingly, this Court concluded that the trial court had abused its discretion when it denied United Healthcare's motion.

**{¶11}** In Ms. Perkins' complaint, she alleged, "[Mr.] Klooz is the owner and operator of Klooz Septic Service operating under the laws of the state of Ohio as a sole proprietorship. [Mr.] Klooz performed service on the septic system of the real estate that is the subject of this litigation on an every-other-year basis." She also alleged that, "[o]n October 31, 2003[,] [Joseph] Guthrie presented evidence to [Ms. Perkins] that the septic tank was scheduled to be pumped by [Mr.] Klooz on November 11, 2003, and that [Mr.] Klooz cleaned the tank every two years." Ms. Perkins never alleged that she had a contract with Mr. Klooz, that he represented anything to her, or even that he did not empty the septic tank.

**{¶12}** By not responding to her complaint, Mr. Klooz merely admitted that he was the owner and operator of Klooz Septic Service, that he serviced the tank every two years, and that a man told Ms. Perkins that Mr. Klooz was scheduled to pump the tank on November 11, 2003, and that Mr. Klooz pumped the tank every two years. As Mr. Klooz averred in his affidavit

submitted with his Civ.R. 60(B) motion, "I did in fact pump the tank every two years, and was scheduled to and did pump the tank on November 11, 2003.  * * * I still do not understand [how that allegation could make me responsible for a judgment in excess of $100,000] to this day."

{¶13}  Mr. Klooz's confusion is understandable given that Ms. Perkins' complaint is devoid of a claim against him.  For example, she alleged a breach of contract by the defendants but never alleged that she had a contract with Mr. Klooz.  She also alleged that the defendants made fraudulent statements and representations to her but never alleged that Mr. Klooz made any statements or representations to her.  She did not even allege he failed to clean the septic tank as was represented by Mr. Guthrie.  Accordingly, Mr. Klooz did not admit to any liability when he failed to respond to the complaint.  Mr. Klooz has a meritorious defense against the judgment and is entitled to relief under Civ.R. 60(B)(5).  Thus, he has satisfied all the prongs of the *GTE Automatic* test.

{¶14}  Given that Ms. Perkins' complaint did not allege a claim against Mr. Klooz, there are substantial grounds for granting his Civ.R. 60(B) motion, and it was unreasonable for the trial court to deny it.  Mr. Klooz's third assignment of error is sustained.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT ABUSED ITS DISRECTION IN ITS DENIAL OF THE DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT BROUGHT PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 60(B)(1) REFERENCING A DEFAULT JUDGMENT ENTERED BY THE TRIAL COURT AS THE APPELLANT ASSERTED NUMEROUS AND MERITORIOUS DEFENSES JUSTIFYING RELIEF."

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DENIAL OF THE DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT BROUGHT PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 60(B)(3) REFERENCING A DEFAULT JUDGMENT ENTERED BY THE TRIAL

COURT AS THE APPELLANT ASSERTED NUMEROUS AND MERITORIOUS DEFENSES JUSTIFYING SUCH RELIEF."

**ASSIGNMENT OF ERROR IV**

"THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DENIAL OF THE DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT BROUGHT PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 60(B)(1) THROUGH (B)(5) WITHOUT A HEARING AND WITHOUT THE ABILITY TO PRESENT TESTIMONY IN SUPPORT OF THE ERRORS ALLEGEDLY COMMITTED."

{¶15} Mr. Klooz's remaining assignments of error are rendered moot by our resolution of his third assignment of error. Thus, we do not address them. See App.R. 12(A)(1)(c).

III.

{¶16} Mr. Klooz's third assignment of error is sustained. His first, second, and fourth assigned errors are moot. See App.R. 12(A)(1)(c). The judgment of the Medina County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, J.
CONCURS

DICKINSON, J.
CONCURS, SAYING:

{¶17} I concur in the majority's judgment and most of its opinion. While I acknowledge that the Ohio Supreme Court has written that an abuse of discretion standard applies to the review of a ruling on a motion for relief from judgment, in practice, both the Supreme Court and this Court have applied a de novo standard: "In order for a party to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate the following . . . . These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St. 3d 172, 174 (1994); see *Buckingham, Doolittle & Burroughs LLP v. Healthcare Imaging Solutions LLC*, 9th Dist. No. 24699, 2010–Ohio–418, at ¶10. If a moving party satisfies the three-prong test, a trial court does not have discretion to deny relief. If a moving party does not meet the three-prong test, a trial court does not have discretion to grant relief. This case is yet another example of that. Although the majority has recited that it is applying an abuse of discretion standard, it has, in fact, given no deference to the trial court's decision. Mr. Klooz satisfied the three-prong test for relief under

Rule 60(B), and, therefore, the trial court was required to grant his motion. It did not abuse its discretion by failing to do so. It erred by failing to do so, and its decision is correctly reversed.

APPEARANCES:

RICHARD J. MARCO, JR., Attorney at Law, for Appellant.

THOMAS C. LOEPP, Attorney at Law, for Appellee.