[Cite as *Ogle v. Greco*, 2015-Ohio-4841.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| MELANIE OGLE, | : | Case No. 15CA2 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| BRETT GRECO, et al., | : | |
| | : | |
| Defendants-Appellees. | : | **Released: 11/16/15** |

_____
APPEARANCES:

Melanie A. Ogle, Rockbridge, Ohio, Pro Se Appellant.

Brett Greco, New Philadelphia, Ohio, Pro Se Appellee.

Greco's Electronic Monitoring Service, LLC, New Philadelphia, Ohio, Pro Se Appellee.[1]
_____

McFarland, A.J.

{¶1} Melanie Ogle appeals the December 19, 2014 judgment entry of the Hocking County Court of Common Pleas, General Division, which dismissed her amended complaint against Brett Greco and Greco Electronic Monitoring Service, LLC, and further found her suit to be frivolous conduct under R.C. 2323.51 and Civ.R. 11. Appellant sets forth seven assignments of error which all relate to the dismissal of her claims against Brett Greco

---

[1] Neither Bret Greco nor Greco's Electronic Monitoring Service, LLC has entered an appearance in this appeal.

and Greco's Electronic Monitoring, LLC. Upon our review of the record,

we find the trial court did not err. As such, we overrule Appellant's

assignments of error and affirm the judgment of the trial court.

FACTS

{¶2} We generally recount the facts as previously set forth in this

court's decision in *State v. Ogle,* 4th Dist. Hocking No. 13CA18, 2014-

Ohio-2251, at paragraphs 2-6 as follows:

> "In August 2011, Melanie Ogle (hereinafter "Appellant") was
> convicted by a jury in the Hocking County Court of Common
> Pleas of assault on a peace officer. Various appeals have
> followed Appellant's felony conviction. The events serving as a
> backdrop to Appellant's felony conviction and the instant
> appeal are set forth in detail in *State v. Ogle*, 4th Dist. Hocking
> Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19,
> 2013-Ohio-3420. Pursuant to the assault conviction, Appellant
> was sentenced to six months in a county jail, a fine, and
> restitution.
>
> Appellant was also required to wear an ankle monitor as part of
> her sentence on the assault conviction. Appellant executed a
> contract with Greco's Electronic Monitoring Service for ankle
> monitoring equipment and service. On or about November 25,
> 2011, Appellant submerged the ankle monitor in water causing
> irreparable damage to the equipment. Appellant was
> subsequently indicted on February 24, 2012, of one count of
> vandalism of the ankle monitor in violation of R.C.
> 2909.05(B)(1)(b), a felony of the fifth degree.
>
> Appellant was arraigned and pleaded not guilty to the
> indictment. Discovery ensued. Appellant and her counsel filed
> various pretrial motions. The case was set for change of plea
> on May 11, 2012. On that date, Appellant entered an "Alford
> Plea" to a reduced charge of criminal damaging, a violation of

R.C. 2909.06(A)(1) and a second-degree misdemeanor. Appellant executed a waiver which advised her that by entering the *Alford* Plea, she was waiving substantial constitutional, statutory, and procedural rights. The trial court accepted the plea, found Appellant guilty, and sentenced her to thirty (30) days in jail, all suspended. She was also placed on non-reporting probation for eighteen (18) months, ordered to make restitution of $1,300.00, and ordered to pay court costs. On May 25, 2012, the trial court filed a nunc pro tunc entry of sentence.[2]

{¶3} While Appellant's vandalism/criminal damaging case was pending appeal, on November 28, 2012, Appellant filed a complaint in the Athens County Court of Common Pleas against Brett Greco and Greco's Electronic Monitoring Service (hereinafter "Greco") for breach of contract. Appellant alleged that she entered into a contract with Greco by way of two documents identified as "Release, Conditions & Contract Greco's Electronic Monitoring Service" and "Offender Instructions & Rules," attached to her complaint. Plaintiff generally alleged that Greco breached the contract by failing to electronically monitor and compile electronic data, for failing to send her invoices for monitoring service, by not accepting payment of $255.00, by failing to request payment, and for filing a criminal report for damages against her. Appellant requested recovery of payments made,

---

[2] On June 13, 2012, Appellant filed a Notice of Appeal in the vandalism case, 12CR00038. The appellate case was 12CA12 and it was later consolidated with several other pending appeals filed by Appellant. On July 26, 2013, this court entered its decision, affirming the trial court on the consolidated appeals in *State v. Ogle,* 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19, 2013-Ohio-3420."

attorney fees and court costs for defending false criminal charges prosecuted against her, monetary relief for her emotional distress and mental anguish, and any other relief as the court deemed equitable, as a result of the breach of contract and criminal report filed against her. Greco was eventually served but failed to file an answer.

{¶4} On March 18, 2013, Appellant filed a motion for default judgment. Greco still failed to file a responsive pleading. The trial court set the motion for default for a hearing on April 18, 2013. On April 23, 2013, the trial court denied the motion for default. The trial court noted Appellant, her husband, and Brett Greco were present and gave testimony. The trial court further observed that the parties made references to proceedings in Hocking County which suggested the trial court had no jurisdiction to entertain the contract claim. The trial court also extended Greco twenty-one days to file an answer or counter claim.

{¶5} On July 17, 2013, the trial court sua sponte transferred venue to Hocking County. On June 2, 2014, the Athens County Court of Common Pleas filed a transfer order for unpaid court costs. On July 23, 2014, the Hocking County Common Pleas Court accepted transfer of the matter. A status conference was scheduled for August 20, 2014.

{¶6} On August 21, 2014, Appellant filed a second motion for default judgment. The matter was set for hearing on September 10, 2014. On September 11, 2014, the trial court filed a judgment entry in which it acknowledged that the court had received a letter from Greco denying liability and claiming Appellant's suit to be frivolous. The trial court urged both parties to obtain lawyers. On September 12, 2014, Appellant filed a "Renewed Motion for Default Judgment." The matter was set for hearing on October 8, 2014. On October 16, 2014, the trial court granted Appellant's motion for default judgment and renewed motion for default judgment against Greco's Electronic Monitoring, LLC. A damages hearing was scheduled.

{¶7} On November 26, 2014, the trial court filed a judgment entry stating that unless there was an objection, as of December 10, 2014 the trial court would take judicial notice of the nunc pro tunc entry of sentence in the case styled *State v. Ogle,* Hocking County Common Pleas No. 12CR0038. The court noted both parties had referenced the criminal case during the damages hearing. The entry pertained to Appellant's May 11, 2012 conviction for criminal damaging, in which Appellant was ordered to pay restitution of $1,300.00 to the victim, Greco Electronic Monitoring Co. On December 8, 2014, Appellant filed an objection to judicial notice, arguing

that the entry is void for the reason that "the Court accepted an Alford plea agreement that included a non-waiver document of the defendant's right to appeal any possible conviction."[3]

**{¶8}** On December 16, 2014, the trial court filed a judgment entry stating it would take judicial notice of the nunc pro tunc entry. The trial court noted Appellant's objection to the judicial notice was based on the same arguments she raised in the prior criminal case, *State v. Ogle,* 12CR0038. On December 19, 2014, the trial court dismissed Appellant's complaint against Greco. This timely appeal followed.

## ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED IN FINDING THAT 'THIS IS A CASE INVOLVING TWO PRO SE LITIGANTS.'

II. THE TRIAL COURT ERRED IN FINDING THAT 'THE SUBJECT OF THIS SUIT WAS ALSO THE SUBJECT OF THE RESTITUTION ORDER IN STATE V. OGLE.'

III. THE TRIAL COURT ERRED IN FINDING THAT 'THIS CASE IS A COLLATERAL ATTACK ON THE RESTITUTION ORDER.'

IV. THE TRIAL COURT ERRED IN FINDING THAT 'MR. GRECO AND HIS BUSINESS WERE THE VICTIMS IN STATE V. OGLE.'

---

[3] By this time, Appellant's appeal of her conviction for criminal damaging, 12CR0038, based upon her argument that the trial court erred in accepting her plea was affirmed in *State v. Ogle*, 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, and 12CA19, 2013-Ohio-3420, on July 26, 2013. Furthermore, her appeal of the trial court's denial of her motion to withdraw her *Alford* plea had been decided and affirmed on May 21, 2014 in *State v. Ogle*, 4th Dist. Hocking No. 13CA18, 2014-Ohio-2251.

V. THE TRIAL COURT ERRED IN FINDING THAT
DEFENDANTS-APPELLEES ARE 'VICTIMS' PURSUANT
TO R.C. SECTION 2929.18 AND IN R.C. SECTIONS
2930.01 to 2930.19.

VI. THE TRIAL COURT ERRED IN FINDING "THIS SUIT
TO BE FRIVOLOUS UNDER R.C. SECTION 2323.51 and
OHIO RULE CIV. PRO. 11."

VII. THE TRIAL COURT ABUSED ITS DISCRETION AND
ERRED IN DISMISSING PLAINTIFF-APPELLANT'S
CLAIMS AS TO DEFENDANTS-APPELLEES."

{¶9} "It is well established that pro se litigants are held to the same

rules, procedures, and standards as litigants who are represented by counsel,

and must accept the results of their own mistakes and errors." *Cooke v.*

*Bowen,* 4th Dist. Scioto No. 12CA3497, 2013-Ohio-4771, ¶ 40, quoting

*Selvage v. Emnett,* 181 Ohio App.3d 371, 2009-Ohio-940, 909 NE.2d 143

¶ 13 (4th Dist.) (Internal citations omitted.) "Leniency does not mean that

we are required 'to find substance where none exists, to advance an

argument for a pro se litigant or to address issues not properly raised.' "

*Cooke, supra,* quoting *State v. Healee,* 4th Dist. Washington No. 08CA6,

2009-Ohio-873, ¶ 6, quoting *State v. Nayar,* 4th Dist. Lawrence No. 07CA6,

2007-Ohio-6092, ¶ 28.

STANDARD OF REVIEW

{¶10} For ease of analysis, we will review Appellant's seventh

assignment of error first.  Appellant's seventh assignment of error states:

"The trial court abused its discretion and erred as a matter of law in dismissing plaintiff's-appellant's claims as to defendants-appellees."

For the reasons which will follow, we will review the dismissal of Appellant's claims on a de novo basis.

{¶11} A court may sua sponte dismiss a complaint without notice and an opportunity to respond, pursuant to Civ.R. 12(B)(6), if "the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288 (citation omitted). The trial court indicates it dismissed Appellant's complaint because she had no damages. As such, this is akin to a Civ.R. 12(B)(6) dismissal because Appellant could not prevail on the facts alleged in her complaint.

{¶12} This court's review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. *Singleton v. Adjutant General of Ohio,* 10th Dist. Franklin No. 02AP-971, 2003-Ohio-1838 at ¶ 16, citing *State ex rel. Drake v. Athens County Bd. of Elections,* 39 Ohio St.3d 40, 528 N.E.2d 1253(1988). In reviewing a complaint upon a motion to dismiss pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d

242, 327 N.E.2d 753 (1975), syllabus.  The court must presume all factual allegations in the complaint to be true and draw all reasonable inferences in favor of the non-moving party. *Bridges v. Natl. Engineering & Contracting Co.*, 49 Ohio St.3d 108, 112, 551 N.E.2d 163 (1990).

LEGAL ANALYSIS

{**¶13**} In this matter, the trial court initially granted default judgment on all elements of Appellant's breach of contract complaint, except damages, due to Greco's failure to appear or defend in the matter.  When the matter did come on for a hearing on damages, after review, the trial court found no damages and dismissed Appellant's claims.  Appellant's pro se appeal assigns seven errors arguing the trial court's dismissal of her breach of contract complaint was in error.

{**¶14**} We begin by noting Appellant filed a motion for default and renewed motion for default, which necessitated the trial court's review of her complaint.  Civ.R. 55(A), entry of judgment, provides:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore * * *."

{**¶15**} "Civ.R. 55(A) permits a party to move for default judgment if the party against whom a judgment is sought has failed to plead or otherwise defend." *Vikoz Ent. LLC. v. Wizards of Plastic Recyling Inc.,* 9th Dist.

Summit No. 25759, 2011-Ohio-4486, ¶ 7, quoting *Haley v. DCO Internatl., Inc.,* 9th Dist. Summit No. 24820, 2010-Ohio-1343, at ¶ 7. Yet, default judgment is not appropriate "when the complaint fails to state a claim against the defendant." *Ross v. Shively,* 9th Dist. Summit No. 23719, 2007-Ohio-5118, at ¶ 10. Accord *Perkins v. Nocum,* 9th Dist. Summit No. 10CA0098-M, 2011-Ohio-4167, at ¶ 9. However, failure to respond to a complaint which does not state a claim upon which relief can be granted should not always result in a default judgment against the defendant. A plaintiff still needs to allege a valid claim in order to prevail, even against a neglectful defendant. *Beach Body Tanning LLC v. Kovach,* 8th Dist. Cuyahoga No. 85142, 2005-Ohio-2659, ¶ 26.

{¶16} We also conduct our de novo review by reviewing the allegations contained in Appellant's complaint. Plaintiff's Complaint alleges in pertinent part:

> "3. Greco breached said contract by failing to electronically monitor and compile electronic data in regard to Plaintiff during September, October, and November, 2011.
>
> ***
>
> 5. Greco breached said contract by failing to send Plaintiff any invoices for monitoring service.
>
> * * *

7. Greco breached said contract by not accepting payment of $255.00 on November 28, 2011 for monitoring services through December 27, 2011.

* * *

9. Greco breached said contract when Greco failed to request of Plaintiff payment for alleged damages.

* * *

11. Greco breached said contract when Bret Greco filed a criminal report for damages against Plaintiff on November 25, 2011."

{¶17} To prevail on a breach of contract claim, the claimant must demonstrate each of the following: (1) the existence of a contract; (2) performance by the claimant; (3) breach by the opposing party; and (4) damage or loss to the claimant that resulted from the opposing party's breach. *Portsmouth Ins. Agency v. Med Mutual.*, 4th Dist. Scioto No. 10CA3405, 2012-Ohio-2406, ¶ 81. E.g., *Spectrum Benefit Options, Inc. v. Medical Mut. Of Ohio,* 174 Ohio App.3d 29, 2007-Ohio-5562, 890 N.E.2d 926, ¶ 25. Attached to Appellant's Complaint is a copy of "Release, Conditions & Contract" which she acknowledged execution of on September 16, 2011. The second paragraph of the contract contains the following language:

> "I understand that I will be held responsible for any damage, other than normal wear and tear, to the equipment. In the event that the GPS tracking phone or ankle bracelet is damaged by

my negligence, I will be charged for replacement or repair of the equipment. If I fail to do so, I may be subject to criminal prosecution. I agree that abbreviated Co. Name (sic) its agents and employees, are not liable for any damages as a result of wearing or tampering with the monitoring device and that any damages associated with wearing or tampering with the monitoring device are a result of my own negligence."

{¶18} We find Appellant's "breach of contract" complaint was properly dismissed by the trial court, sua sponte, for failure to state a claim upon which relief could be granted. The only element Appellant was able to demonstrate was that a contract existed. Appellant failed to show that she performed her part of the contract and she failed to show she incurred damages.

{¶19} In fact, the contract terms reveal that Appellant agreed she would be subject to criminal prosecution for damage to Greco's equipment. That is exactly what happened. Appellant was convicted of criminal damaging and ordered to make restitution to Greco in the amount of $1,300.00. Appellant's conviction for criminal damaging has been affirmed.

{¶20} Appellant failed to demonstrate any breach by Greco and any damages to herself. As such, her complaint fails to state a claim and was properly dismissed by the trial court. Appellant's seventh assignment of error is without merit and is hereby overruled. We affirm the trial court's decision.

**{¶21}** We will briefly address Appellant's remaining assignments of error.

    1.  The trial court erred in finding that "This is a case involving two pro se litigants."

**{¶22}** Based on the above resolution of Appellant's appeal, this assignment of error is rendered moot and is hereby overruled.

    2.  The trial court erred in finding that "The subject of this suit was also the subject of the restitution order in State v. Ogle."

**{¶23}** Based on our resolution above, this assignment of error is also moot and hereby overruled.  However, we pause to point out the facts in *State v. Ogle,* 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19, 2013-Ohio-3420, ¶ 77, demonstrate that Appellant was ordered to make restitution to the victim, Greco's Electronic Monitoring Service, LLC, in the amount of $1,300.00.  In her civil action, Appellant asked for a judgment in the amount of $1,910.00 against Greco.  Attached to her motion for default judgment filed March 18, 2013 and to the affidavit of Charles Ogle were receipts for amounts paid to Greco, during the time period of November 27, 2011 and March 15, 2013, reflecting case number CR000038.  It is incredible that Appellant would attempt to make a straight-faced argument that the subject of the suit was not also the subject of the restitution order in her criminal case.

3.  The trial court erred in finding that "This case is a collateral attack on the restitution order."

**{¶24}** This argument is also moot by our resolution above, and as such, Appellant's third assignment of error is overruled.  However, we again pause to point out Appellant's complaint requested relief as a result of Greco's criminal report against Plaintiff.  It would appear that Appellant's civil complaint was an attempt to evade the cost of restitution and/or the sanction of her crime of criminal damaging, although she agreed to an order of restitution.  It appears the trial court correctly deemed her civil action a "collateral attack" on the restitution order.

4.  The trial court erred in finding that "Mr. Greco and his business were victims in State v. Ogle."

5.  The trial court erred in finding that defendants-appellees are "victims" pursuant to "R.C. Section 2929.18 and in R.C. Sections 2930.01 to 2930.19.

**{¶25}** These assignments of error are related and we join them for brief consideration.  Again, Appellant's arguments here are moot based on our resolution above.  Therefore, both assignments of error are overruled.  However, we would point out that a victim of crime, pursuant to R.C. 2930.01(H) is:

**{¶26}** R.C. 2930.01(H) "Victim" means * * *:

"(1) A person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint,

indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution * * *."

**{¶27}** Appellant was convicted of damaging property belonging to Greco. As such, Greco is a victim of her crime. If Appellant had any doubt, the nunc pro tunc entry of her conviction in *State v. Ogle*, 12CR0038, lists "Greco" as the victim.[4]

> 6. The trial court erred in finding that "This suit to be frivolous conduct under R.C. section 2323.51 and Ohio Rule Civ. Pro. 11."

**{¶28}** "Frivolous conduct" is the conduct of a party to a civil action or of the party's counsel that satisfies any of the following four criteria:

> "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

---

[4] This entry is part of this court's record in this appeal, as it is attached to a journal entry filed November 26, 2014.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief. R.C. 2323.51(A)(2)(a)(i)-(iv)."

{¶29} Frivolous conduct implicated by R.C. 2323.51(A)(2)(ii) involves proceeding on a legal theory which is wholly unwarranted in law. *State Auto Mut. Ins. Co. v. Tatone,* 2nd Dist. Montgomery No. 21753, 2007-Ohio-4726, ¶ 8. "Whether a claim is warranted under existing law is an objective consideration." (Citations omitted.) *Hickman v. Murray,* 2nd Dist. Montgomery No. CA 15030, 1996 WL 125916, *5 (Mar. 22, 1996). The test is "whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." *Id.*

{¶30} "[N]o single standard of review applies in R.C. 2323.51 cases." *Wiltberger v. Davis,* 110 Ohio App.3d 46, 51, 673 N.E.2d 628 (10th Dist. 1996). When the question regarding what constitutes frivolous conduct calls for a legal determination, such as whether a claim is warranted under existing law, an appellate court is to review the frivolous conduct determination de novo, without reference to the trial court's decision. *Natl. Check Bur. v. Patel,* 2nd Dist. Montgomery No. 21051, 2005-Ohio-6679 at

¶ 10; accord *Riverview Health Inst., L.L.C. v. Kral,* 2nd Dist. Montgomery No. 24931, 2012-Ohio-3502, ¶ 33.

{¶31} As explained above, Appellant's "breach of contract action" failed to state a claim for which relief could be granted. Appellant agreed to criminal prosecution if she damaged Greco's property. She was ordered to pay restitution to Greco. No reasonable attorney would have brought the civil action against Greco for breach of contract in light of existing law and the circumstances herein. Furthermore, Appellant's complaint for breach against Greco appears to be an attempt to harass or maliciously injure Greco, in retaliation for his filing of the criminal report against her, as indicated in her prayer for relief.[5] Based upon our review of the record, we find the trial court did not err in determining Appellant's civil lawsuit against Greco to be frivolous. As such, we overrule Appellant's sixth assignment of error and affirm the judgment of the trial court.[6]

---

[5] In addition, Appellant attached various documents to her motion for default judgment filed March 18, 2013, including a printout from the New Philadelphia Municipal Court of traffic, criminal, and civil cases against Greco from 1992 to 2012; a criminal indictment and entries of judgment from the Tuscarawas Common Pleas Court against Greco from 1990 to 2013; a residential real estate transfer to Greco from the Tuscarawas County Auditor's site; a copy of a voluntary Chapter 7 bankruptcy proceeding petition naming Greco; and articles of organization filed with the Ohio Secretary of State's office for Greco's Electronic Monitoring Service, LLC. She asserted these documents in the public records in Tuscarawas County and with the Ohio Secretary of State identified the same "Brett Greco" who filed a criminal report for damages against her. It is difficult to see any purpose to obtaining these documents and filing them with a civil pleading but for the purpose of harassing Greco.

[6] If a trial court determines that a violation under R.C. 2323.51 or Civ.R. 11 exists, the trial court's imposition of sanctions for said violation will not be disturbed absent an abuse of discretion. *State ex rel. Fant v. Sykes,* 29 Ohio St.3d 65, 505 N.E.2d 966 (1987); *Lewis v. Powers,* 2nd Dist. Montgomery No. 15461, 1997 WL 335563, *4 (June 13, 1997); *Namenyi v. Tomasello,* 2nd Dist. Greene No. 2013-CA-75,

{¶32} "Frivolous conduct" is related to "vexatious conduct," which means, pursuant to R.C. 2323.52(A)(2), conduct of a party in a civil action that satisfies any of the following:

> "(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.
>
> (b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
>
> (c) The conduct is imposed solely for delay."[7]

{¶33} In distinguishing remedies available under the vexatious litigator statute from those available under the frivolous conduct statute, R.C. 2323.51 (frivolous conduct) and R.C. 2323.52 (vexatious litigator) offer complementary remedies, but the remedies are not the same. *Helfrich v. Allstate Ins. Co.,* 10th Dist. Franklin No. 12AP-559, 2013-Ohio-4335, ¶ 14. See *Roo v. Sain,* 10th Dist. Franklin No. 04AP-881, 2005-Ohio-2436, ¶ 15. Although the two statutes share the same definition of reprehensible conduct, R.C. 2323.51 allows attorney fees for past frivolous conduct in a civil action, while R.C. 2323.51 is a protective remedy in the form of a restriction on future frivolous filings. *Id.*

---

2014-Ohio-4509, ¶ 20. Appellant is fortunate that Greco did not request or the trial court did not impose sanctions against her.

[7] See R.C. 2323.52(A)(3) for "vexatious litigator" defined, and (A)(3) (B) for who may bring action to have a person declared a "vexatious litigator."

{¶34} Accordingly, and based on the foregoing, we affirm the

judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Costs assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment Only.
Harsha, J.:   Dissents.


For the Court,


BY:   _____
      Matthew W. McFarland,
      Administrative Judge



**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**