DECISION AND JUDGMENT ENTRY
{¶ 1} Steven J. Gibson appeals the judgment of the Washington County Court of Common Pleas granting the petition his former wife, Donna L. Gibson, filed for a domestic violence civil protection order restraining him from committing further acts of abuse or threats of abuse against her daughter, H.L. Gibson contends that the trial court erred in: issuing a civil protection order based upon false information and allegations made by Donna; in failing to investigate the statements and allegations made by Donna; and in failing to consider certain documents that he submitted to the court before the hearing. Because we find that Gibson failed to provide this court with a complete record of the trial court's proceedings, we must presume regularity of the trial court's proceedings and judgment. Accordingly, we overrule each of Gibson's assignments of error and affirm the trial court's judgment.
 I. {¶ 2} On August 22, 2005, Donna filed a petition for a civil protection order pursuant to R.C. 3113.31. She alleged that: (1) Gibson molested her two daughters; (2) one of her daughters, H.L., continues to reside in her home; (3) Gibson caused trouble for her before he went to prison; and (4) there was a chance he would be released from prison in October of 2005. Accordingly, the trial court issued an ex parte civil protection order, and scheduled a hearing for August 30, 2005. The record reflects that Gibson received service of the notice and summons by certified mail at the Noble Correctional Institute on August 23, 2005.
 {¶ 2} On August 29, 2005, the trial judge filed a document instructing the clerk to file certain correspondence in this case, and to serve a copy upon all parties to the action by ordinary mail. Attached to that document were the following items: (1) a handwritten letter from Gibson to the trial judge, claiming that the allegations contained in the petition were false and that the prosecutor had elected not to prosecute him for the incident of molestation alleged in the petition; (2) uncertified copies of various documents purportedly demonstrating that Donna was twice married and divorced before she married Gibson; (3) pages three through six of an uncertified document purporting to be an "Interview of H[.] L[.]" recounting an incident in which Gibson allegedly anally raped H.L.; and (4) a two page document entitled "History of Donna Whitting[.]" We note that although Gibson was served with notice of the hearing on the motion for the protection order and responded in writing, he did not attend the hearing or even ask to be transported to the hearing.
 {¶ 3} The protection order the trial court issued on August 30, 2005 reflects that the court conducted a hearing on the petition that day. The record reflects that the only individual present at the hearing was H.L. In its order, the trial court found that Gibson "sexually assaulted petitioner when petitioner was age 10 years." The court further found, by a preponderance of the evidence, that: (1) "the Petitioner or Petitioner's family or household member(s) are in danger of or have been a victim of domestic violence, as defined in [R.C.] 3113.31(A), committed by [Gibson]; and (2) "the following orders are equitable, fair, and necessary to bring about a cessation or prevention of domestic violence against the family or household member(s) named in the Petition."
 {¶ 4} Accordingly, the trial court issued an order requiring Gibson to stay at least 500 feet away from H.L., and prohibiting Gibson from: (1) abusing H.L.; (2) entering the residence, school, business place of employment, or day care centers of H.L.; (3) having or initiating any contact with H.L. or her residences, businesses, places of employment, schools, day care centers, or babysitters; (4) removing, damaging, hiding, or disposing of any property or pets owned or possessed by H.L.; and (5) possessing, using, carrying, or obtaining any deadly weapons. The order remains in effect until August 30, 2010.
 {¶ 5} Gibson timely appeals, raising the following assignments of error: I. "THE MAKING OF A FALSE STATEMENTS AND THE MAKING OF A FALSE REPORT AND ALLEGATION OF CHILD ABUSE." (sic). II. "The trial court made it's (sic) determinations on the (sic) allegations made in the motion by Donna Gibson were true without a full investigation into the history of the case nor looking at what Mr. Gibson filed informing the court of the false information and allegations that the petitioner, Donna Gibson had claimed. (petitioner filed this evidence with the clerk of courts on 08/29/05[)]." III. "THE TRIAL COURT DID SHOW `JUDICIAL PREJUDICE' BY IT'S (sic) FALSE FINDINGS AND IT'S (sic) STATEMENT MADE IN THE DOMESTIC VIOLENCE CIVIL PROTECTION ORDER IT HANDED DOWN."
 II. {¶ 6} In each of Gibson's three assignments of error, he contends that the trial court erred in relying upon the allegedly false statements of Donna Gibson and H.L., and disregarding the documents he submitted to the court in his defense. In essence, he argues that the trial court's decision to grant the protection order is against the manifest weight of the evidence.
 {¶ 7} The decision whether to grant a civil protection order lies within the sound discretion of the trial court. Parrish v.Parrish (2002), 95 Ohio St.3d 1201, 1204, citation omitted. We presume that the findings of the trial court are correct, because the trial court can view the witnesses and weigh the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. Thus, we will not reverse the trial court's decision for being contrary to the manifest weight of the evidence if there is some competent, credible evidence going to the essential elements of the case. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 8} A person seeking a civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence. Felton v. Felton (1997),79 Ohio St.3d 34. R.C. 3113.31(A)(1) defines "domestic violence" as "* * * the occurrence of one or more of the following acts against a family or household member: "(a) Attempting to cause or recklessly causing bodily injury; (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code; (c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code." Thus, in order for this court to determine whether the trial court appropriately issued the civil protection order, we must review the record to determine whether there is some competent, credible evidence to support the trial court's determination that domestic violence or a threat of domestic violence occurred.
 {¶ 9} App.R. 9(B) states, in relevant part, "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk." Because an appellant bears the burden of demonstrating error by reference to matters in the record, he has a duty to provide a transcript of the proceedings.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. In Knapp, the Ohio Supreme Court held: "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
 {¶ 10} Here, we are unable to determine from the record before us what evidence was presented in support of the petition for the civil protection order, because Gibson failed to provide this court with a complete record of the proceedings below. In his docketing statement, Gibson indicated that no transcript, statement or agreed statement would be filed. Although, he later stated that: "Transcripts has been completed (sic) and already made part of the record."
 {¶ 11} It appears to this court that Gibson believed the documents he submitted to the court on August 29, 2005 to be transcripts within the meaning of App.R. 9. While some of those documents may be excerpts from transcripts of interviews and/or other proceedings, they are not transcripts of the hearing conducted by the trial court in this matter. Thus, they do not reveal what evidence the trial court considered in making its decision to issue a civil protection order. Additionally, we note that the documents Gibson submitted to the court consist mainly of unidentified, uncertified copies that do not comply with the requirement for authentication or identification of documents as a precedent to admissibility as set forth in Evid.R. 901 and 902.
 {¶ 12} Despite Gibson's representation that transcripts had already been completed and made a part of the record, our review of the record reveals that Gibson never requested that the court reporter prepare a transcript of the civil protection order hearing in accordance with App.R. 9(B). Further, it reveals that no transcript of that proceeding was ever filed and made a part of the record.
 {¶ 13} We are mindful that Gibson is a pro se litigant. While we are cognizant of the long-standing preference of Ohio courts to afford reasonable leeway to pro se parties, we have previously noted that "with respect to procedural rules, pro se litigants are held to the same standards as members of the bar."St. Joseph's Hosp. v. Hoyt, Washington App. No. 04CA20,2005-Ohio-480, ¶ 27. "While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel." Id. at ¶ 28, quoting Justice v. Lutheran Social Servs. (Apr. 8, 1993), Franklin App. No. 92AP-1153.
 {¶ 14} In the absence of a complete record, we must presume regularity of the trial court's proceedings and judgment. Natl.City Bank v. Beyer (2000), 89 Ohio St.3d 152, 160, citing Wellsv. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282,288-289. Accordingly, we overrule each of Gibson's assignments of errors and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If the trial court or this court has previously granted a stay of execution of sentence and release upon bail, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal before expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and McFarland, J.: Concur in Judgment and Opinion.