DECISION AND JUDGMENT ENTRY
{¶ 1} Sherry L. Pallay ("Pallay") appeals the judgment of the Washington County Court of Common Pleas, Probate Division, appointing her nephew, Jared S. Ray, as the Administrator, C.T.A. of the estate of her mother, Helen L. Pallay ("decedent"). Pallay contends that the trial court abused its discretion in appointing Jared because the court was aware at the time it appointed Jared that Pallay had made numerous allegations that Jared had improperly handled the decedent's finances while serving as the decedent's guardian prior to her death. Because we find that Pallay failed to attend the hearing on the motion to remove her as executrix of the estate and appoint a new administrator, despite having received adequate notice, we find that Pallay has waived her right to challenge Jared's appointment on the ground that he is unsuitable to serve as the estate's administrator. Accordingly, we overrule Pallay's sole assignment of error and affirm the trial court's judgment.
 I. {¶ 2} On July 2, 2003 Helen L. Pallay died testate, leaving a substantial estate. On September 16, 2003, her grandson, Jared, filed an application to probate her will and an application for authority to administer her estate. Jared and his brothers, Robert M. Ray, III, and Shaphan A. Ray (collectively, "the Rays"), are the surviving sons of the decedent's daughter, Diana J. Ray, who predeceased decedent. On October 10, 2003, Pallay filed a competing application for authority to administer the estate. On October 23, 2003, the trial court issued a journal entry denying Jared's application and appointing Pallay as executrix of the estate.
 {¶ 3} On January 21, 2005, the Rays filed a motion to remove Pallay as executrix of the estate. In their motion, they asserted that the court should remove Pallay as executrix because she failed to: (1) file the accounting of the estate assets, which was due by April 23, 2004; (2) obtain new counsel within thirty days as ordered by the trial court in its November 22, 2004 entry; and (3) pay certain creditors of the estate. The Rays sought sanctions against Pallay pursuant to R.C. 2109.31(C), including her removal as executrix and the denial of all or part of her fees. Additionally, the Rays sought the appointment of a new administrator of the estate.
 {¶ 4} On February 28, 2005, the trial court issued an entry and notice of hearing setting the motion to remove the executrix and another motion for hearing on April 15, 2005. On April 14, 2005, Pallay filed a motion for a continuance of the hearing on the pending motions, alleging that she needed more time to investigate the guardianship accounts in order to prepare for the hearing. The trial court summarily denied Pallay's motion to continue the hearing.
 {¶ 5} Although Pallay was not in attendance, the trial court proceeded to hear the motion to remove her from her position as executrix of the estate, and issued an entry on June 3, 2005 removing her for the grounds enumerated in the Rays' motion. In its entry, the court indicated that it was taking the appointment of a new administrator for the estate under advisement. Then, on July 14, 2005, the trial court issued a separate entry appointing Jared as the Administrator C.T.A. of the estate.
 {¶ 6} Pallay now appeals, raising the following assignment of error: "[T]he trial court erred in appointing Jared S. Ray as the Administrator C.T.A. of the Estate of Helen L. Pallay."
 II. {¶ 7} In her sole assignment of error, Pallay contends that the trial court abused its discretion in appointing the decedent's grandson, Jared as the administrator of the estate. Pallay has attached numerous documents to her brief, many of which are not properly part of the record before this court because App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court * * *." Additionally, the bulk of Pallay's brief consists of a detailed account of Pallay's version of events beginning with the decedent's move to the home of her daughter, and then guardian, Diana, and the resulting family discord, the majority of which is not supported by anything in the record before us. However, from Pallay's brief, we glean that the essence of her argument on appeal is that the trial court abused its discretion in finding Jared to be a suitable administrator when the court was aware of Pallay's prior allegations that Jared improperly managed the decedent's affairs while serving as the decedent's guardian.
 {¶ 8} In contrast, the Rays contend that Pallay waived any objection she may have to Jared's appointment by failing to appear and preserve her objections at the April 15, 2005 hearing on the motion to remove her as executrix. Additionally, they contend that Pallay has failed to satisfy her burden of affirmatively proving error on appeal by reference to matters contained in the record, and that she has failed to cite any case law or statutes in support of her assignment of error.
 {¶ 9} The Rays are correct in their assertion that Pallay has failed to cite any caselaw or statutes in support of her argument, i.e. the trial court abused its discretion in appointing Jared as the administrator of the estate. We have previously recognized that a party's failure to cite caselaw or statutes in support of an argument, as required by App.R. 16(A)(7), is sufficient grounds to disregard that argument entirely under App.R. 12(A)(2). See Casto v. Village ofCommercial Point (Dec. 22, 1999), Pickaway App. No. 99CA2, citing Meerhoff v. Huntington Mtge. Co. (1995),103 Ohio App.3d 164, 169; State v. Riley (Dec. 29, 1998), Vinton App. No. 98CA518; Hiles v. Veach (Nov. 20, 1998), Pike App. No. 97CA604.
 {¶ 10} This court has long had a policy of affording considerable leniency to pro se litigants. See, e.g., HighlandCty. Bd. of Comm. v. Fasbender (July 28, 1999), Highland App. No. 98CA24. The reasoning behind that policy is that it is preferable to hear cases on their merits than to dismiss them for minor technicalities. Karmasu v. Tate (Sept. 15, 1994), Scioto App. No. No. 94 CA 221783, citing DeHart v. Aetna Life Ins. Co.
(1982), 69 Ohio St.2d 189. However, we have also recognized that this policy does not require us "to find substance where none exists, to advance an argument for a pro se litigant or to address issues not properly raised." Id.
 {¶ 11} It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. Shover v. Cordis Corp. (1991),61 Ohio St.3d 213, 220, overruled on other grounds in Collins v. Sotka
(1998), 81 Ohio St.3d 506. We will not consider any error a party failed to bring to the trial court's attention at a time when the trial court could have avoided or corrected the error. Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210, State v.Glaros (1960), 170 Ohio St. 471, 166 N.E.2d 379, paragraph one of the syllabus.
 {¶ 12} Here, Pallay does not dispute that she did not attend the hearing on the motion to remove her as executrix of the estate, and consequently did not voice her objection when counsel for the Rays suggested that the court reconsider Jared's previously submitted application to administer the estate. However, in response to the Rays' assertion that she waived her right to challenge Jared's appointment, she contends that she had no notice that the court would consider appointing Jared as the administrator during the course of the April 15, 2005 hearing.
 {¶ 13} Our review of the record reflects that, on February 28, 2005, the trial court issued an entry and notice of hearing setting the motion to remove the executrix for hearing on April 15, 2005. The record further reflects that the hearing notice was served upon Pallay by certified mail on March 28, 2005. Additionally, the clerk of courts served Pallay with the notice of hearing and a copy of the pending motions by ordinary mail on March 17, 2005. Moreover, we note that in the prayer for relief contained in their motion to remove the executrix, the Rays specifically requested the trial court to appoint a new administrator of the decedent's estate. Thus, while Pallay may not have received specific notice that the Rays again sought Jared's appointment as the estate's administrator, she did receive sufficient notice that the appointment of a new administrator would be addressed at the April 15, 2005 hearing. See, generally, Mullane v. Cent. Hanover Bank Trust Co.
(1950), 339 U.S. 306, 314; State ex rel. Allstate Ins. Co. v.Bowen (1936), 130 Ohio St. 347.
 {¶ 14} Despite having received notice of the April 15, 2005 hearing to remove her as executrix of the estate and appoint a new administrator, Pallay chose not to attend the hearing. Thus, Pallay failed to challenge the appointment of the administrator when the trial court could have considered her argument and evidence that Jared was not suitable to assume the role. Therefore, we find that Pallay has waived her right to challenge the probate court's appointment of the new estate administrator and decline to address her assignment of error. See Shover,Schade, and Glaros, supra. Accordingly, we overrule Pallay's sole assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.