[Cite as *PNC Bank v. Dunlap*, 2012-Ohio-2917.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| PNC BANK, NA SUCCESSOR TO NATIONAL CITY BANK, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA3282 |
| | : | |
| vs. | : | |
| | : | |
| DAVID DUNLAP AKA DAVID N. DUNLAP, | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

PRO SE APPELLANT:     David N. Dunlap, II, 2082 Lick Run Road, Chillicothe, Ohio
                              45601, Pro Se

COUNSEL FOR APPELLEE:     Matthew G. Burg, Weltman, Weinberg & Reis Co. L.P.A.,
                              323 West Lakeside Avenue, Ste. 200, Cleveland, Ohio
                              44113

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 6-22-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court summary judgment in

favor of PNC Bank NA, successor to National City Bank (PNC), plaintiff below and appellee

herein, on its two claims against David Dunlap, defendant below and appellant herein.

{¶ 2}   Appellant assigns the following errors for review:[1]

---

[1] Appellant's brief neglects to set forth assignments of error as App.R. 16(A)(3) requires.   Because appeals are resolved on the basis of errors assigned for review, see App.R. 12(A)(1)(b), we would be within our authority to affirm the trial court's judgment without discussion.   However, in the interests of justice, we will consider the four sub-parts of appellant's "Argument," set forth in his brief's Table of Contents.

FIRST ASSIGNMENT OF ERROR:

"THE COURT OF COMMON PLEAS ERRED BY ALLOWING SUMMARY JUDGMENT WITHOUT ESTABLISHMENT BY PLAINTIFF OF SIGNATURE BY DEFENDANT ON PLAINTIFF'S EXHIBITED DOCUMENTS."

SECOND ASSIGNMENT OF ERROR:

"THE COURT OF COMMON PLEAS ERRED BY ALLOWING PLAINTIFF'S ATTORNEY TO PURSUE DEBT COLLECTION AND ALLOW THIS CASE TO MOVE FORWARD WHEN PLAINTIFF'S ATTORNEYS FAILED TO VERIFY DEBT IN ACCORDANCE WITH 15 USC 1692 ET SEQ AND IS THEREFORE PROHIBITED FROM ANY COLLECTION OF DEBT FROM MAY 16, 2011."

THIRD ASSIGNMENT OF ERROR:

"THE COURT OF COMMON PLEAS ERRED BY ALLOWING SUBMISSION OF AFFIANT, NANCY K. FENIGER'S AFFIDAVIT AS ADMISSIBLE EVIDENCE IN THIS CASE."

FOURTH ASSIGNMENT OF ERROR:

"THE COURT OF COMMON PLEAS ERRED BY DENYING DEFENDANT'S MOTION FOR THE COURT TO RECONSIDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."

{¶ 3}   On March 1, 2007, Kahali Investments, L.L.C. (Kahali), entered into a agreement with PNC's predecessor-in-interest for, what appears to have been, a line of credit.   Appellant, as an owner of Kahali, executed a personal guarantee of the obligation.   Apparently, Kahali was dissolved on July 17, 2008.

{¶ 4}   PNC commenced the instant case on May 12, 2010 and alleged that $51,140.94 remained due and owing on the credit line extended to Kahali and sought compensation from appellant on his guarantee.   The complaint was later amended to include a claim that appellant

was also in default of payment on a PNC credit card.

**{¶ 5}** On June 16, 2010, appellant filed "In Admiralty," an "Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim." The trial court treated this pleading as a denial of PNC's allegations. As for the counterclaim, appellant sought million dollar damages from PNC for, inter alia, failure to state a claim upon which relief could be granted, failure to respond, racketeering, fraud and "dishonor in commerce."

**{¶ 6}** PNC filed a summary judgment motion and argued that no genuine issues of material fact remained in this case. In support of its motion, PNC attached the affidavit of Nancy K. Feniger who attested that she is the custodian of business records for PNC and, thus, had personal knowledge of its records. Feniger attested that due and owing from appellant was the sum of $49,729.44, together with interest at the rate of 8.25% per annum on the Kahali credit line, as well as $5,781.67, and accrued interest, on appellant's credit card account.

**{¶ 7}** Appellant filed a memorandum in opposition to that motion, but offered nothing in the way of Civ.R. 56(C) evidentiary materials to rebut PNC's motion. The trial court granted PNC's motion and entered judgment in its favor as a matter of law. This appeal followed.

I

**{¶ 8}** Before we address the assignments of error on their merits, we first discuss the appropriate standard of review. Appellate courts review summary judgments de novo. Sutton Funding, L.L.C. v. Herres, 188 Ohio App.3d 686, 936 N.E.2d 574, 2010-Ohio-3645, at ¶59; Broadnax v. Greene Credit Service (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167; Coventry Twp. v. Ecker (1995), 101 Ohio App .3d 38, 41, 654 N.E.2d 1327. In other words, we afford no deference whatsoever to trial court decisions, Sampson v. Cuyahoga Metro. Hous.

Auth., 188 Ohio App.3d 250, 935 N.E.2d 98, 2010-Ohio-3415, at ¶19; Kalan v. Fox, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13, and conduct our own, independent, review to determine if summary judgment is appropriate.   Phillips v. Rayburn (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279; McGee v. Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317.

{¶ 9}   Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law and (3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving party.   See Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 927 N.E.2d 1066, 2010-Ohio-1027 at ¶103; Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201. The movant bears the initial burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.   Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.   If that burden is satisfied, the onus shifts to the non-moving party to provide rebuttal evidentiary materials. See Trout v. Parker (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; Campco Distributors, Inc. v.. Fries (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661.   With these principles in mind, we turn our attention to the trial proceedings.

## II

{¶ 10} Appellant's first assignment of error asserts that the trial court erred by granting PNC summary judgment. The initial burden on summary judgment lies with the movant to produce Civ.R. 56(C) evidentiary materials on its behalf to show that it is entitled to summary

judgment. Here, PNC met that burden with the Nancy Feniger affidavit, as well as exhibits that affidavit incorporated. These materials established that appellant was liable on his guarantee of the Kahali credit line, that amount remained due and owing on that line and, further, appellant was in default of payment on his credit card.

{¶ 11} The burden then shifted to appellant to provide Civ.R. 56(C) rebuttal evidentiary materials. Appellant, however, failed to provide such materials. Although this Court provides considerable leeway to pro se litigants, see e.g. Dalrymple v. Purdum, Ross App. No. 09CA3119, 2010-Ohio-2750; State v. Headlee, Washington App. No. No. 08CA6, 2009-Ohio-873, at ¶6, we cannot excuse litigants from complying with the Ohio Rules of Civil Procedure. PNC supplied sufficient Civ.R. 56(C) materials to warrant summary judgment in its favor. Appellant, however, provided no such materials in rebuttal. Thus, the trial court correctly awarded summary judgment to PNC. Consequently, appellant's first assignment of error is without merit and is hereby overruled.

III

{¶ 12} In his second assignment of error, appellant asserts that PNC failed to comply with the federal "Fair Debt Collection Practices Act" (FDCPA) codified at 15 U.S.C. 1692, et seq. We disagree with appellant.

{¶ 13} First, appellant points to no specific federal law provisions that he claims was violated. Obviously, we will not reverse a judgment without some clear indication that the trial court erred in its ruling.

{¶ 14} Second, compliance with the FDCPA is not an element of a claim on account.

Rather, the failure to comply with the FDCPA is an affirmative defense to a claim on account. See <u>Dandrew v. Silver</u>, Cuyahoga App. No. No. 86089, 2005-Ohio-6355, at ¶32; also see, e.g. <u>Arteaga v. Asset Acceptance, LLC</u> (Aug. 23, 2010), 733 F.Supp.2d 1218, 1231.   Once PNC offered sufficient Civ.R. 56(C) evidentiary materials to show that it is entitled to judgment, the evidentiary burden shifted to appellant to show that PNC had not complied with the FDCPA. Appellant offered nothing in the way of Civ.R. 56(C) evidentiary materials to support its defense, and, therefore, the trial court correctly awarded PNC summary judgment.

{¶ 15} Accordingly, we hereby overrule appellant's second assignment of error.

IV

{¶ 16} Appellant's third assignment of error asserts that the trial court erred by considering Feniger's affidavit in support of   PNC's motion for summary judgment.   We disagree with appellant.        The provisions of Civ.R. 56 allow for the filing of affidavits in support of summary judgment if such affidavits are based on the affiant's "personal knowledge." Id. at (E).

{¶ 17} In the case sub judice, Feniger's affidavit states, inter alia, that it is made "upon Affiant's knowledge of the applicable business records" between PNC and appellant.   This is sufficient to satisfy Civ.R. 56(E).   Under Civ.R. 56(C), the evidentiary burden shifted to appellant to show, for one reason or another, that Feniger's affidavit should not have been considered.   We, however, can discern no argument, in either appellant's appellate brief, or in his memorandum in opposition, to exclude this affidavit.

{¶ 18} Thus, we find no merit to the assignment of error and it is hereby overruled.

V

{¶ 19} In his fourth assignment of error, appellant asserts that the trial court erred by denying a motion for reconsideration that he filed after the trial court granted PNC summary judgment. The Ohio Rules of Civil Procedure do not provide for motions for reconsideration at the trial court level. Thus, any ruling on such motion is a nullity and cannot be appealed. Kuss v. Clements, Portage App. No. 2012–P–0023, 2012-Ohio-1678, at ¶4; Genhart v. David, Mahoning App. No. 10MA144, 2011-Ohio-67832, at ¶12; Burriss v. Burriss, Lawrence App. Nos. 09CA21 & 10CA11, 2010-Ohio-6116, at ¶15. Therefore, we hereby overrule appellant's fourth assignment of error.

{¶ 20} Having reviewed all errors appellant assigned and argued, and having found merit in none, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

                                        BY: _____
                              Peter B. Abele
                                Presiding Judge




                         NOTICE TO COUNSEL


        Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.