[Cite as *Cooke v. Bowen*, 2013-Ohio-4771.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

THOMAS COOKE,                                  :

    Petitioner-Appellee,                       :      Case No.   12CA3497

    vs.                                        :

MANDY BOWEN,                                   :      DECISION AND JUDGMENT ENTRY

    Respondent-Appellant.                      :

_____

APPEARANCES:

APPELLANT PRO SE:            Mandy Bowen, 341 East Irvine Street, Apartment 5,
                            Richmond, Kentucky   40475

COUNSEL FOR APPELLEE:        Gene Meadows, 538 6th Street, Portsmouth, Ohio   44662

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-16-13
ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court default judgment in

favor of Thomas Cooke, petitioner below and appellee herein,

{¶ 2}   Mandy Bowen, respondent below and appellant herein, assigns the following

errors for review:

        FIRST ASSIGNMENT OF ERROR:

        "TRIAL COURT JUDGE MARSHALL ERRORED [SIC] IN
        FAILING TO RECUSE HIMSELF FROM THIS CIVIL CASE."

SECOND ASSIGNMENT OF ERROR:

"ABUSE OF DISCRETION BY THE TRIAL COURT JUDGE
MARSHALL."

THIRD ASSIGNMENT OF ERROR:

"APPEARANCE OF BIAS AND IMPROPRIETY ON BEHALF
OF TRIAL COURT."

FOURTH ASSIGNMENT OF ERROR:

"TRAIL [SIC] COURT FAILED TO ASSURE I HAD BEEN
SERVED WITH ALL MOTIONS."

FIFTH ASSIGNMENT OF ERROR:

"TRIAL COURT EFFECTUATED DEFAULT JUDGEMENT
WHEN IT LACKED REQUIREMENTS OF FEDERAL RULE 55
NEEDED TO RULE BY DEFAULT."

SIXTH ASSIGNMENT OF ERROR:

"TRIAL COURT ERRORED [SIC] IN RULING ME A
VEXATIOUS LITIGATOR IN ACCORDANCE WITH RC
2323.52 BY LACKING PROOF THEREOF AND FURTHER
MORE [SIC] GRANTING THE MOTION AND ALSO
INDUCING UPON ME THE HARSHEST OUTCOME UNDER
ALL SECTIONS."

SEVENTH ASSIGNMENT OF ERROR:

"ATTORNEY GENE MEADOWS I FEEL HAS DISPLAYED
FRIVOLOUS CONDUCT UNDER ORC 2323.51."

EIGHTH ASSIGNMENT OF ERROR:

"AS A PRO SE LITIGANT, THE TRIAL COURT FAILED TO
PROVIDE ME ANY LENIENCY."

{¶ 3}   On May 15, 2012, appellee filed a petition to declare appellant a vexatious

litigator.   Appellee's petition alleged that appellant "has filed or been involved in 23 actions in

the Scioto County Court of Common Pleas and/or the Court of Appeals" and that appellant filed

six of those actions against appellee or members of appellee's family.   Appellee further averred

that appellant has "filed multiple grievances" and "has made different requests for investigations

towards [appellee] and his family, including calling the Police on multiple occasions."   Appellee

claimed that appellant's actions "serve no purpose other than to harass and[/or] maliciously

injure [appellee] and his family."   On May 23, 2012, appellant was served with a copy of the

petition by certified mail.

**{¶ 4}**   On June 25, 2012, appellee filed a motion for default judgment.   Appellee noted

that appellant was served with a copy of the petition, that twenty-eight days had passed, and that

appellant failed to answer or otherwise respond to the complaint.

**{¶ 5}**   On July 2, 2012, the trial court entered a judgment that declared appellant to be a

vexatious litigator.[1]

**{¶ 6}**   On July 26, 2012, appellant filed a pro se notice of appeal.

I

**{¶ 7}**   Before we consider appellant's assignments of error, we observe that appellant is

acting pro se in this appeal.   Because we ordinarily prefer to review a case on its merits rather

than dismiss it due to procedural technicalities, we have adopted a policy of affording

---

[1]  We observe that the trial court did not expressly rule on appellee's request for attorney fees contained in his petition.     We previously held, however, that a pro forma request for attorney fees does not constitute a separate and distinct claim for relief.     Jones v. McAlarney Pools, Spas & Billiards, Inc., 4th Dist. Washington No. 07CA34, 2008–Ohio-1365, ¶12; accord Home S. & L. Co. of Youngstown v. Great Lake Plaza, Ltd., 11th Dist. Lake Nos. 2011-L-168, 2011-L-169, 2011-L-170, 2011-L-171, 2012-Ohio-3420, ¶20-21; Knight v. Colazzo, 9th Dist. No. 24110, 2008–Ohio–6613, ¶9.     Thus, when a trial court does not specifically address a pro forma attorney fees request, we presume that the court sub silentio overruled the request.     Jones at ¶11.

considerable leniency to pro se litigants.   E.g., In re Estate of Pallay, 4th Dist. Washington No.

05CA45, 2006-Ohio-3528, ¶10; Robb v. Smallwood, 165 Ohio App.3d 385, 2005-Ohio-5863,

846 N.E.2d 878, ¶5 (4th Dist.); Besser v. Griffey, 88 Ohio App.3d 379, 382, 623 N.E.2d 1326 (4th

Dist. 1993); State ex rel. Karmasu v. Tate, 83 Ohio App.3d 199, 206, 614 N.E.2d 827 (4th Dist.

1992).   "Limits do exist, however.   Leniency does not mean that we are required 'to find

substance where none exists, to advance an argument for a pro se litigant or to address issues not

properly raised.'"   State v. Headlee, 4[th] Dist. Washington No. 08CA6, 2009-Ohio-873, ¶6,

quoting State v. Nayar, 4th Dist. Lawrence No. 07CA6, 2007-Ohio-6092, ¶28.   Furthermore, we

will not "conjure up questions never squarely asked or construct full-blown claims from

convoluted reasoning."   Karmasu, 83 Ohio App.3d at 206.   We will, however, consider a pro se

litigant's appellate brief so long as it "contains at least some cognizable assignment of error."

Robb at ¶5; accord Coleman v. Davis, 4th Dist. Jackson No. 10CA5, 2011–Ohio–506, ¶14

(considering pro se litigant's brief when it contains "some semblance of compliance" with

appellate rules of practice and procedure).   In the case sub judice, we believe that appellant's

brief contains some cognizable assignment of error that we may consider on the merits.

II

{¶ 8}   Appellant's first and third assignments of error assert that the trial court judge

should have recused himself because, appellant claims, the judge is biased.   Because the two

assignments of error raise related issues, we consider them together.

{¶ 9}   "Judicial bias is 'a hostile feeling or spirit of ill will or undue friendship or

favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory

judgment on the part of the judge, as contradistinguished from an open state of mind which will

be governed by law and the facts.'"    In re Adoption of C.M.H., 4[th] Dist. Hocking No. 07CA23,

2008-Ohio-1694, ¶34, quoting State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 132 N.E.2d 191

(1956), paragraph four of the syllabus; accord Hirzel v. Ooten, 4th Dist. Meigs Nos. 06CA10,

07CA13, 2008-Ohio-7006, ¶62.

{¶ 10} R.C. 2701.03[2] provides the exclusive means by which a litigant can assert that a

common pleas judge is biased or prejudiced.    Jones v. Billingham, 105 Ohio App.3d 8, 11, 663

N.E.2d 657 (1995).    Consequently, a court of appeals lacks "authority to pass upon

disqualification or to void the judgment of the trial court upon that basis."    Beer v. Griffith, 54

Ohio St.2d 440, 441–442 377 N.E.2d 775 (1978).    As we noted in In re Adoption of C.M.H. and

Hirzel, "challenges of judicial prejudice and bias are not properly brought before this Court.

'Rather, appellant must make such a challenge under the provisions of R.C. 2701.03, which

requires an affidavit of prejudice to be filed with the Supreme Court of Ohio.'"    Hirzel at ¶63,

quoting Baker v. Ohio Dept. of Rehab. and Corr., 144 Ohio App.3d 740, 754, 761 N.E.2d 667

(4th Dist. 2001).    Furthermore, "any allegations of judicial misconduct are not cognizable on

appeal, but [are] a matter properly within the jurisdiction of the Disciplinary Counsel.'"

Wilburn v. Wilburn, 169 Ohio App.3d 415, 421, 2006-Ohio-5820, 863 N.E.2d 204, (9th Dist.),

¶10, quoting Szerlip v. Spencer, 5th Dist. No. 01CA30 (Mar. 14, 2002).    Consequently, we are

---

[2]  R.C. 2701.03(A) provides:

> If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

unable to pass upon appellant's arguments that the trial judge should have recused himself due to alleged bias, impropriety, or misconduct.

{¶ 11} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first and third assignments of error.

### III

{¶ 12} Appellant's second, fifth, and sixth assignments of error challenge the propriety of the trial court's default judgment that declared her to be a vexatious litigator. Because they raise related issues, we consider them together.

{¶ 13} In her second assignment of error, appellant asserts that the trial court abused its discretion by entering a default judgment against her. She contends that: (1) appellee did not establish that he was entitled to the requested relief, (2) the court abused its discretion by failing to hold a hearing before declaring her a vexatious litigator, and (3) the trial judge had a conflict of interest.

{¶ 14} In her fifth assignment of error, appellant contends that the trial court failed to comply with "Federal Rule 55" before it entered a default judgment.

{¶ 15} In her sixth assignment of error, appellant argues that the trial court erred by finding her to be a vexatious litigator. She contends that the trial court lacked evidence to find that she was a vexatious litigator.

{¶ 16} First, we readily dispose of appellant's claim that Fed.R.Civ.P. 55 applied in the case sub judice. Fed.R.Civ.P. 1 states that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States District Courts," subject to certain exceptions not relevant here. Civ.R. 1(A) states that the Ohio Civil Rules of Procedure

"prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity," subject to certain exceptions that do not apply here.

{¶ 17} In the case at bar, appellee did not initiate his action in United States District Court.   Instead, appellee initiated his action in a court of this state.   Thus, the Federal Rules are inapplicable and appellant's argument to the contrary is meritless.

{¶ 18} We next consider appellant's arguments that the trial court abused its discretion by entering a default judgment declaring her to be a vexatious litigator.

{¶ 19} An appellate court will not disturb a trial court's decision regarding a motion for default judgment unless the trial court abused its discretion.   Dye v. Smith, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶7 (4th Dist.).   A reviewing court will thus uphold a trial court's decision regarding a motion for default judgment so long as the court did not act in an unreasonable, unconscionable, or arbitrary manner.   E.g., State v. Adams, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).   Furthermore, when a reviewing court applies the abuse of discretion standard, it may not simply substitute its judgment for that of the trial court.   E.g., In re Jane Doe 1, 57 Ohio St.3d 135, 138, 566 N.E.2d 1181 (1991).

{¶ 20} Civ.R. 55 governs default judgments and provides as follows:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with

written notice of the application for judgment at least seven days prior to the

hearing on such application. * * *.

{¶ 21} In Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hosp. Ass'n, 28 Ohio

St.3d 118, 120, 502 N.E.2d 599, (1986), the Ohio Supreme Court explained Civ.R. 55 as follows:

> "Under Civ.R. 55, when a party defending a claim has 'failed to plead or
> otherwise defend,' the court may, upon motion, enter a default judgment on behalf
> of the party asserting the claim.   If the defending party has failed to appear in the
> action, a default judgment may be entered without notice.   If, however, the
> defending party has appeared in the action, the trial court must, by virtue of Civ.R.
> 55(A), afford that party seven days' notice of the hearing on the motion for default
> judgment before entering judgment."

Id. at 120 (citation omitted).

{¶ 22} The court continued to explain:

> "Default, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a
> clearly defined concept.   A default judgment is a judgment entered against a
> defendant who has failed to timely plead in response to an affirmative pleading.
> McCabe v. Tom (1929), 35 Ohio App. 73, 171 N.E. 868.   As stated by the court
> in Reese v. Proppe (1981), 3 Ohio App.3d 103, 105, 443 N.E.2d 992 "[a] default
> by a defendant * * * arises only when the defendant has failed to contest the
> allegations raised in the complaint and it is thus proper to render a default
> judgment against the defendant as liability has been admitted or 'confessed' by the
> omission of statements refuting the plaintiff's claims. * * * "   It is only when the
> party against whom a claim is sought fails to contest the opposing party's
> allegations by either pleading or "otherwise defend[ing]" that a default arises.
> This rule applies to original claims as well as to counterclaims (Civ.R. 55[C]), and
> is logically consistent with the general rule of pleading contained in Civ.R. 8(D),
> which reads in part that '[a]verments in a pleading to which a responsive pleading
> is required * * * are admitted when not denied in the responsive pleading.'"

Id. at 121.

{¶ 23} Civ.R. 55(A) provides a trial court with discretion to determine whether a hearing is needed.   The rule states:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶ 24} Thus, Civ.R. 55(A) "'[c]learly * * * makes it discretionary with the trial court to decide if a hearing is necessary.   It has always been within the discretion of the trial court to determine whether further evidence is required to support a claim against a defaulting defendant.'"  CitiMortgage, Inc. v. Kermeen, 2nd Dist. No. 2011CA2, 2012-Ohio-1655, ¶35, quoting Buckeye Supply Co. v. Northeast Drilling Co., 24 Ohio App.3d 134, 136, 493 N.E.2d 964 (9th Dist.1985) (citations omitted).

{¶ 25} In the case at bar, we disagree with appellant that the trial court's decision to enter a default judgment constitutes an abuse of discretion.   Appellant "failed to plead or otherwise defend as provided by" the Civil Rules.   Civ.R. 12(A)(I) requires a party to file an answer within

twenty-eight days after service of the summons and complaint.    Appellant did not file an answer before twenty-eight days expired, and she did not otherwise defend the action as provided in the Civil Rules.    Appellant's failure to answer, or to otherwise defend, constitutes an admission of the allegations contained in his pleading.    Civ.R. 8(D).    Thus, appellant's argument that appellee failed to meet his burden of proof is meritless.    Because appellant's failure to respond to appellee's pleading amounted to an admission of the allegations, the trial court possessed the discretion to enter a default judgment.    We do not believe that the court acted unreasonably, arbitrarily, or unconscionably by entering a default judgment.

{¶ 26}  Additionally, because appellant did not enter an appearance in the action, she is not entitled to notice before the court entered a default judgment.    As the court stated in Ohio Radiology Associates, supra: "If the defending party has failed to appear in the action, a default judgment may be entered without notice."    Pursuant to the plain terms of Civ.R. 55, a party is entitled to notice only if the party has appeared in the action.    Thus, the trial court was justified in entering a default judgment without providing notice to appellant and without affording appellant an opportunity to respond.

{¶ 27}  Moreover, we disagree with appellant that the trial court should have held a hearing before entering a default judgment.    Appellant is not entitled to a hearing because she had not entered an appearance in the action.

{¶ 28}  Furthermore, we do not agree with appellant that the trial court should have considered "the pro se exception of time."    As we discuss in appellant's eighth assignment of error, the trial court is not obligated to afford her any leniency when complying with the Civil Rules and there is no such thing as the "pro se exception of time."

{¶ 29} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's second, fifth, and sixth assignments of error.

IV

{¶ 30} In her fourth assignment of error, appellant asserts that the trial court erred by failing to ensure that she received proper service of all motions.

{¶ 31} Nothing in the record, however, indicates that appellant did not receive proper service of either the petition or the motion for default judgment.   The record shows that appellant signed the certified mail receipt and that appellee served her with a copy of the motion for default judgment.

{¶ 32} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's fourth assignment of error.

V

{¶ 33} In her seventh assignment of error, appellant argues that appellee's attorney engaged in frivolous conduct, as defined in R.C. 2323.51.

{¶ 34} R.C. 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct.   R.C. 2323.51(A)(2) defines "frivolous conduct" to mean:

> (a) Conduct of [a] party to a civil action, * * * or of the * * * party's counsel of record that satisfies any of the following:
> (I) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of

litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 35} In the case at bar, appellant did not argue during the trial court proceedings that appellee's counsel engaged in frivolous conduct or request the trial court to award costs, attorney fees, or other reasonable expenses. It is well-established that appellate courts "will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Awan, 22 Ohio St.3d 120, 122, 498 N.E.2d 277 (1986). Because appellant did not raise any argument that opposing counsel engaged in frivolous conduct during the trial court proceedings, she has waived all but plain error.

{¶ 36} Generally, appellate courts will recognize plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Landrum, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990), quoting State v. Long, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. For the plain error rule to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. E.g., State v. Barnes, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

**{¶ 37}** In the case at bar, appellant has not suggested that we review this assignment of error using a plain error analysis. We decline to do so <u>sua</u> <u>sponte</u>. <u>State v. Suman</u>, 4th Dist. Athens No. 10CA11, 2010–Ohio–6204, ¶43; <u>accord</u> <u>State v. Wright</u>, 9th Dist. Summit No. 25638, 2011–Ohio–5641, ¶5, quoting <u>State v. Arnold</u>, 9th Dist. Summit No. 24400, 2009–Ohio–2108, ¶8 ("'[T]his Court will not construct a claim of plain error on a defendant's behalf if the defendant fails to argue plain error on appeal.'").

**{¶ 38}** Moreover, we observe that appellant has not raised any argument that opposing counsel displayed frivolous conduct during the appellate process and has not requested attorney fees, costs, or other reasonable expenses incurred in pursuing her appeal.

**{¶ 39}** Accordingly, based upon the foregoing reasons, we overrule appellant's seventh assignment of error.

V

**{¶ 40}** In her eighth assignment of error, appellant asserts that the trial court erred by failing to provide her leniency as a <u>pro</u> <u>se</u> litigant. We do not agree.

**{¶ 41}** "It is well established that <u>pro</u> <u>se</u> litigants are held to the same rules, procedures, and standards as litigants who are represented by counsel, and must accept the results of their own mistakes and errors." <u>Selvage v. Emnett</u>, 181 Ohio App.3d 371, 2009-Ohio-940, 909 N.E.2d 143, ¶13 (4th Dist.), citing <u>Dayton Power & Light v. Holdren</u>, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, and <u>Atkins v. Ohio Dept. of Job & Family Servs.</u>, Franklin App. No. 08AP–182, 2008-Ohio-4109; <u>accord</u> <u>State ex rel. Fuller v. Mengel</u>, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶10. Thus, "we cannot excuse litigants from complying with the Ohio Rules of Civil Procedure." <u>PNC Bank v. Dunlap</u>, 4th Dist. Ross. No. 11CA3283,

2012-Ohio-2917, ¶11.   As we explained in <u>Gibson v. Gibson</u>, 4th Dist. Washington No. 05CA49, 2006-Ohio-2880, ¶13:

> "'[W]ith respect to procedural rules, <u>pro se</u> litigants are held to the same standards as members of the bar.'   <u>St. Joseph's Hosp. v. Hoyt</u>, Washington App. No. 04CA20, 2005-Ohio-480, ¶27. 'While one has the right to represent himself or herself and one may proceed into litigation as a <u>pro se</u> litigant, the <u>pro se</u> litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules.   If the courts treat <u>pro se</u> litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.'" <u>Id.</u> at ¶28, quoting <u>Justice v. Lutheran Social Servs.</u> (Apr. 8, 1993), Franklin App. No. 92AP-1153."

**{¶ 42}** We disagree with appellant's eighth assignment of error and the arguments posed within her other assignments of error that the trial court should have afforded her leniency when complying with the Civil Rules.

**{¶ 43}** Accordingly, based upon the foregoing reasons, we hereby overrule appellant's eighth assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *Cooke v. Bowen*, 2013-Ohio-4771.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.